07-20592.ord

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 07-20592-CIV-COOKE-BROWN

ALMYR GUIMARAES,

       Plaintiff

v.

NATIONAL OPINION RESEARCH SERVICES, INC.,
a Florida corporation, DANIEL CLAPP, an individual,
and LUIS MONTENEGRO, an individual,

       Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT

**THIS CAUSE** is before the Court on Plaintiff's Motion for Default (DE 24), filed July 3, 2007. The Court, having reviewed the Motion, Defendants' Response, and the file finds, for the reasons set forth below, that it should be denied.

Plaintiff's Motion for Default requests that default be entered against Defendants under Federal Rule of Civil Procedure 55(b). Specifically, Plaintiff has asserted that Defendants' failure to file a Reply in support of Defendants' Motion to Dismiss (DE 12) within the 10 day period granted by this Court in its order entered July 20, 2007 entitles him to default under Rule 55. Defendants' failure to file a timely Reply does not entitle Plaintiff to entry of default under Rule 55. Rather, as a general rule, failure to file a timely Reply simply means that no reply shall be filed and the court shall consider the Motion and Response alone. See S.D. Fla. L.R. 7.1.C. However, this Court's Order Re: Plaintiff's Reply to Defendants' Response to Motion for

Joinder (DE 28), entered July 17, 2007, granted Defendants an additional 10 days to file a Reply in support of Defendants' Motion to Dismiss.

As Defendants have filed a motion to dismiss (DE 12), and this motion remains pending, Defendants have not failed to "plead or otherwise defend" and Plaintiff is not entitled to default. Federal Rule of Civil Procedure 55 provides, in relevant part: "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed. R. Civ. P. 55. The responsive pleadings allowed by Federal Rule of Civil Procedure 7(a) are: a complaint, an answer, a reply to a counterclaim, an answer to a cross-claim, a third-party complaint, and a third party answer. Although Rule 12(a) requires that in most cases the responsive pleading must be served within 20 days after service of the pleading to which it responds, a party is not always required to "plead." Fed. R. Civ. P. 12. The responding party may prevent entry of default if he or she "otherwise defend[s]" against the action. Fed. R. Civ. P. 55. Specifically, the filing of a 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted has been held to be sufficient action to preclude entry of default. See, e.g., Wickstrom v. Ebert, 101 F.R.D. 26 (D.Wis. 1984) (stating that "it is generally held that the interposition of various challenges to matters such as service, venue, and the sufficiency of the complaint preclude a default even if pursued in the absence of a responsive pleading); see also Rudnicki v. Sullivan, 189 F. Supp. 714, 715 (D. Mass. 1960) (holding that "it is undisputed that motions challenging a complaint for failure to state a claim upon which relief can be granted fall squarely within the ambit of the phrase 'otherwise defend'"). Given that Defendants have filed a 12(b)(6) motion to dismiss for failure to state a claim and this motion remains pending, default under Rule 55 is improper.

Accordingly, and the Court being otherwise fully advised, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion for Default (D.E. 24) is hereby DENIED.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 17th day of July 2007.

STEPHEN T. BROWN
UNITED STATES MAGISTRATE JUDGE

cc: Honorable Marcia G. Cooke
Counsel of record