UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 07-20592-CIV   COOKE/BANDSTRA

ALMYR GUIMARAES,

    *Plaintiff*,

v.

NORS,

    *Defendant*.

_____/

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND GRANTING DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S AMENDED COMPLAINT

**THIS MATTER** is before the Court upon Defendant's Motion to Dismiss, or in the Alternative, to Strike Plaintiff's second Amended Complaint [DE 85]. Plaintiff filed a Motion for a more precise objection [DE 87], which I have construed as response to Defendant's Motion.

**I.   BACKGROUND**

This Case stems out of alleged age discrimination against Plaintiff, Almyr Guimaraes, by his former employer, National Opinion Research Services, Inc. ("NORS"), the company's President, Daniel Clapp, and its Vice President, Luis Montenegro. Plaintiff filed his original Complaint [DE 1] on March 7, 2007, in which he claimed that each of these Defendants discriminated against him based on his age, in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 623. On April 4, 2007, the Court granted Plaintiff's request to proceed *in forma pauperis*. *See* DE 7. Defendants filed a Motion to Dismiss [DE 12], which this Court granted as to the individual Defendants, but denied as to NORS. *See* DEs 37, 41. On November 2, 2007, NORS filed its Motion for Summary Judgment [DE 47]. The Court granted that Motion as to Plaintiff's termination claim, but, because NORS failed to allege a legitimate non-discriminatory reason for failing to promote or for segregating Plaintiff, denied it

as to the claims for segregation and failure to promote. *See* DEs 51, 61. Plaintiff filed his first Amended Complaint [DE 62] on March 19, 2008, in which he purported to allege additional counts under Florida statutory and common law. However, on May 13, 2008, Magistrate Judge Bandstra struck the Amended Complaint, but granted Plaintiff leave to amend. *See* DE 70. In that Order, Judge Bandstra noted that Plaintiff's "proposed amended complaint contain[ed] numerous pleading deficiencies including the failure to use numbered paragraphs detailing each claim and how the facts support each claim separately and the failure to state a proper jurisdictional basis." *Id.* However, because Plaintiff has cited a Federal Statute and alleged at least some facts to support claims, *see* DE 1, there is no need for a specific jurisdictional statement in order for the Court to exercise its jurisdiction over the case. *See Lykins v. Pointer Inc.*, 725 F. 2d 645, 646 (11th Cir. 1984) (holding that, because the plaintiff had alleged facts sufficient to establish jurisdiction, it was improper for the district court to dismiss the plaintiff's action for failure to cite the appropriate federal statute); *see also Hildebrand v. Honeywell, Inc.*, 622 F. 2d 179, 181(5th Cir. 1980)[1] (stating that "the district court has a duty . . . to read the complaint liberally and determine whether the facts set forth justify it in assuming jurisdiction on grounds other than those pleaded").

On June 18, 2008, Plaintiff filed his "Additional Count" [DE 74], which purported, once again, to allege new counts based on Florida statutory and common law. The only improvement that Plaintiff made in his "Additional Count" was to incorporate some semblance of a paragraph numbering scheme. *See* DE 74. NORS moved the Court, pursuant to Rule 12(f), to strike the Additional Count for non-compliance with Rules 8 and 10. *See* DE 75. On July 1, 2008 the

---

[1] In *Bonner v. City of Prichard*, 661 F. 2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted all decisions handed down before October 1, 1981 by the former Fifth Circuit as binding precedent.

Court issued an Order [DE 81] granting NORS's Motion to Srike.  In that Order, I explained that Plaintiff's proposed "Additional Count," which appeared to be an Amended Complaint, failed to conform to the Federal Rules of Civil Procedure as well as the Court's previous Order granting Plaintiff leave to Amend.  I instructed Plaintiff to "file a conforming Amended Complaint within ten (10) days of the date of [the] Order."  *See* DE 81.  Subsequently, on July 8, 2008, Plaintiff filed his second Amended Complaint and a supporting Memorandum [DEs 83, 84].  In his second Amended Complaint, Plaintiff again alleges additional claims arising under Florida statutory and common law, and refers back to "the ADEA portion of this lawsuit."  DE 83.  NORS has again moved to dismiss or strike the Complaint.

## II.     RELEVANT STANDARD

The purpose of Rule 41(b) is to foster the swift resolution of cases in the district courts and to protect parties from prejudice resulting from an "opposing party's dilatory conduct." *Mann v. Lewis*, 108 F. 3d 145, 147 (8th Cir. 1997).  Pursuant to Rule 41(b), district courts have authority to dismiss claims for failure to comply with the Federal Rules of Civil Procedure or court orders.  *See* Fed. R. Civ. P. 41(b); *Jones v. Graham*, 709 F. 2d 1457, 1458 (11th Cir. 1985). However, the Eleventh Circuit "has clearly stated that because dismissal is considered a drastic sanction, a district court may only implement it, as a last resort, when: (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." *World Thrust Films v. Int'l Family Entm't*, 41 F. 3d 1454, 1456 (11th Cir. 1995) (citing *Kilgo v. Ricks*, 983 F. 2d 189, 192 (11th Cir. 1993)); *see also Carter v. United States*, 780 F. 2d 925, 927-28 (11th Cir. 1986) (emphasizing that dismissal is a sanction of last resort); *Rodgers on behalf of Jones v. Bowen*, 790 F. 2d 1550, 1552 (11th Cir. 1986) (reminding the district courts that dismissal is a severe sanction reserved for extreme circumstances).

District courts must liberally construe the pleadings of *pro se* litigants, and hold them to a less stringent standard. *Tannenbaum v. United States*, 148 F. 3d 1262, 1263. However, "[w]hile dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F. 2d 835, 837 (11th Cir. 1989) (affirming the trial court's dismissal of the *pro se* plaintiff's complaint for ignoring the court's order); *see also Lampkin-Asam v. Volusia County School Bd.*, 261 Fed. Appx. 274, 275-77 (11th Cir. 2008) (upholding the district court's *sua sponte* dismissal of the *pro se* plaintiff's complaint, where the trial court had given the plaintiff two opportunities to comply with the Rule 8 pleading requirements and had warned the plaintiff that the second opportunity would be her last); *State Exchange Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir. 1982).

Whereas dismissals pursuant to Rule 41(b) are for procedural deficiencies and for disobeying a court's orders, dismissals pursuant to Rule 12(b)(6) are for substantive infirmities in a complaint. Thus, they are generally independent bases for dismissal and there is no need to delve into the standard for Rule 12(b)(6) motions.

### III. DISCUSSION

Despite the Court allowing Plaintiff two opportunities to achieve compliance with the pleading standards of Rules 8 and 10 and instructing him on the deficiencies in his pleadings, Plaintiff's latest version of his Complaint fails to satisfy those requirements. While Plaintiff has assigned numbers to most of the paragraphs in his second Amended Complaint and supporting Memorandum, those pleadings still fail to comply with the Federal Rules of Civil Procedure and the Court's orders. Because Plaintiff is proceeding *pro se* and has not yet been given any specific warning of the consequences of failing to conform with the Rules and the Court's orders, dismissal of his Complaint at this point would be improper. *See Moon*, 863 F. 2d at 837;

*Lampkin-Asam*, 261 Fed. Appx. at 275-77.  Therefore, this Order shall serve as a warning to Plaintiff that he has one last opportunity to amend his Complaint to conform with and meet the minimum requirements of the Federal Rules of Civil Procedure, or risk dismissal of the entire case.

The fact that Plaintiff's *original* Complaint has survived a Rule 12(b)(6) motion as well as a motion for summary judgment as to the counts for segregation and failure to promote, *see* DEs 37, 41, 51, 61, will not save him if he fails to abide by this Court's orders and conform his amended complaint to the Federal Rules of Civil Procedure.  "The propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit." *McHenry v. Renne*, 84 F. 3d 1172, 1179 (9th Cir. 1996).  The Middle District of Florida has summed up this type of situation nicely:

> The plaintiff's failure to comply with the court's Order leaves the plaintiff's claims undeveloped and unsubstantiated (although they are at least, more or less, identified and limited in number). It is not the court's duty to scour the record, articulate and support a claim, and then evaluate it for merit. The plaintiff has already been given an extraordinary second opportunity to avoid defeat by the defendant's motion for summary judgment.

*Fratarcangeli v. United Parcel Service,* No. 8:04-CV-2812-T-TGW,  2008 WL 821946, *5 (M.D.Fla. March 26, 2008).

This case has been, and continues to be, plagued by procedural deficiencies.  Moreover, while Plaintiff's *original* Complaint did survive (in part) a motion to dismiss and a motion for summary judgment, Plaintiff's second Amended Complaint has only exacerbated the situation and diminished the clarity of his pleadings.  The Court has instructed Plaintiff on the procedural flaws in the various versions of his Complaint, and yet, Plaintiff has failed to correct them, while also referring back to poorly pleaded documents that the Court has stricken.  Because Plaintiff's second Amended Complaint has only worsened the coherence and comprehensibility of his

claims, the Court is willing to dismiss Plaintiff's case with prejudice if he fails to correct the procedural defects in his Complaint. In summary, the fact that Plaintiff's original Complaint survived two substantive attacks does not mean that Plaintiff's second Amended Complaint has complied with the Rules of Civil Procedure. *McHenry*, 84 F. 3d at 1179; *Fratarcangeli*, 2008 WL 821946, *5.

In *Wagner v. First Horizon Pharm. Corp.*, 464 F. 3d 1273 (11th Cir. 2006), the Eleventh Circuit reminded the district courts of their duty to order repleading *sua sponte* when a shotgun complaint fails to adequately link a cause of action to its factual predicates. Although that case was in the context of a fraud claim and the heightened pleading requirements of Rule 9 applied, *see id.*, that obligation has been extended well beyond the context of fraud complaints drafted by attorneys. For example, in *Lampkin-Asam*, the Eleventh Circuit cited the rule from *Wagner* to support its dismissal of a *pro se* plaintiff's 42 U.S.C. § 1983 claim. *See Lampkin-Asam*, 261 Fed. Appx. at 275-77. In discussing the trial court's dismissal of Lampkin-Asam's complaint with prejudice, the Eleventh Circuit noted that the pleadings of *pro se* litigants are held to "less stringent standards" than those of lawyers. *Id*. at 276-77 (quoting *Hepperle v. Johnston*, 544 F. 2d 201, 202 (5th Cir. 1976)). However, that court also charged district courts not to serve as counsel for such litigants or to rewrite their pleadings. *Lampkin-Asam*, 261 Fed. Appx. at 276-77 (citing *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F. 3d 1359, 1369 (11th Cir. 1998)).

Just as in *Lampkin-Asam*, Plaintiff's Complaint consists of shotgun pleading in violation of Rule 8. *See Lampkin-Asam*, 261 Fed. Appx. at 277. Pursuant to Rule 8, a plaintiff must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff's second Amended Complaint, however, fails to articulate his claims "with sufficient clarity to allow [D]efendant to frame a responsive pleading." *Lampkin-Asam*, 261 Fed. Appx. at 277 (citing *Byrne v. Nezhat*, 261 F. 3d 1075, 1128-29 (11th Cir. 2001)).

Moreover, the Complaint fails to adequately link its claims with the factual allegations that support them. *See Lampkin-Asam*, 261 Fed. Appx. at 277 (citing *Wagner*, 464 F. 3d at 1275).

For example, under the heading of "Cause of Action," the Complaint states that Plaintiff is "adding defamation of character - libel and slander - as additional causes of action . . . ." DE 83. Plaintiff states that he is "adding to the claim of discriminatory employment practices under the Florida Civil Rights Act pursuant to Florida Statute 760.10 . . . ." *Id*. The Complaint further states that "Plaintiff is adding false written testimony pursuant to Florida Statute 92.525 for statements made about Plaintiff submitted under oath before the Court." *Id*. These statements of Plaintiff's additional claims directly precede the all too familiar shotgun scheme, in which Plaintiff strings together all of his factual allegations in such a way that it is impossible to know which facts support each claim. *See id*. These disorganized allegations are too confusing by themselves to pass Rule 8 muster, and to make matters worse, Plaintiff also "re-alleges all positions previously asserted." *Id*. One can only speculate that Plaintiff's statement is intended to incorporate every cause of action and factual allegation that Plaintiff set forth in each of his three previous attempts at drafting a Complaint.

The supporting Memorandum of Law [DE 84] does not help decrypt Plaintiff's Complaint. The Memorandum is broken into an extremely confusing system of parts, counts, and paragraphs. *See* DE 84. It states that "Plaintiff is adding 18 counts in total," yet the body of the document only contains five counts.[2] *Id*. Furthermore, the Court is unable to determine which, if any, of the remaining parts and paragraphs Plaintiff might have intended to comprise the remaining thirteen counts. Thus, Plaintiff's pleadings clearly fail to comply with the

---

[2]These five "counts" are: (1) glass ceiling limitation; (2) adverse employment action / vicarious liability; (3) unjustified segregation; (4) reduced work hours; and (5) altering Plaintiff's employment record. The Court is only noting this to point out the glaring organizational deficiencies of Plaintiff's pleadings, and expresses no opinion on the merits of these counts.

requirements of Rule 8 because they leave NORS and the Court guessing at what Plaintiff is alleging.

In *Davis v. Ruby Foods, Inc.*, the Seventh Circuit held that a district court may not dismiss a complaint "merely because it contains repetitious and irrelevant matter." 269 F. 3d 818, 820 (7th Cir. 2001). That court ruled that the trial court had abused its discretion by dismissing Davis's complaint, despite the fact that his complaint was "*not* short, concise, or plain." *Davis,* 269 F. 3d at 819-21 (emphasis added). Plaintiff's second Amended Complaint, however, is not of the class described by Judge Posner as "a disposable husk around a core of proper pleading." *Id*. at 820. In contrast with Davis's complaint, Guimaraes' pleadings' have much greater deficiencies than just "the presence of superfluous matter." *Id*. More directly, there is no core of proper pleading in Plaintiff's second Amended Complaint because it is impossible to determine with certainty what claims he is bringing and which of his factual allegations are intended to support each of his claims. Therefore, Plaintiff's second Amended Complaint fails to comply with Rule 8.

Additionally, pursuant to Rule 10, a plaintiff "must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Although Plaintiff has taken advantage of his three previous opportunities to amend by assigning numbers to most of the paragraphs in the Complaint and supporting Memorandum of Law, these pleadings continue to fail to conform with Rule 10. As the Eleventh Circuit discussed in *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F. 3d 364, 366 (11th Cir. 1996), "[w]here . . . the plaintiff asserts multiple claims for relief," a properly drawn complaint "will present each claim for relief in a separate count, as required by Rule 10(b), and with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming and to frame a responsive pleading." Due, in part, to the deficiencies described above,

it is impossible to determine what Plaintiff is claiming.  Consequently, Plaintiff's Complaint and Memorandum also fail to meet the requirements of Rule 10.

Because of Plaintiff's *pro se* status, the Court has been lenient, and extended all due leeway in construing his pleadings as liberally as possible.  However, Plaintiff's second Amended Complaint still fails to comply with the Federal Rules of Civil Procedure as well as the Court's previous orders.  Therefore, Plaintiff shall have one last chance to amend his Complaint, such that it conforms to the Rules and my orders.  In remedying the pleading deficiencies discussed in this Order, Plaintiff must set out each separate cause of action that he is bringing in a single document, and avoid referring back to allegations and counts from prior pleadings.  Plaintiff should thoroughly edit his Complaint, and not simply cut-and-paste from previous versions of the Complaint.  Plaintiff also must indicate specifically which factual allegations support each cause of action.  Additionally, as it appears that Plaintiff has access to a law library or other legal resources, Plaintiff is well advised to acquire some examples of pleadings through those resources, and use the examples as a model for the proper structure and format of a complaint.

### IV.   CONCLUSION

The Court, having reviewed the motion and having been fully briefed by both parties on the matter and being otherwise advised, hereby, **ORDERS AND ADJUDGES** that Defendant's Motion [DE 85] is **DENIED *in part*** and **GRANTED *in part***, as follows:

(1) Defendant's Motion to Dismiss pursuant to Rule 41(b) is **DENIED.**  However, I should note that NORS will be free to re-file its Motion to Dismiss after Plaintiff has amended his Complaint.

(2) Defendant's Motion to Strike pursuant to Rule 12(f) is **GRANTED** insofar as Plaintiff's Complaint fails to comply with the pleading requirements of Rules 8 and 10.

The Clerk shall **STRIKE** Plaintiff's second Amended Complaint [DE 83] and supporting Memorandum of Law [DE 84].

(3) Accordingly, Plaintiff is **ORDERED** to re-file an amended complaint that complies with the pleading requirements of the Federal Rules of Civil Procedure and the Court's instructions. **Plaintiff must re-file his amended complaint by September 19, 2008.** Because the Court has already granted Plaintiff two opportunities to amend his Complaint, and Plaintiff has failed to comply with the Court's previous orders, this Order is a **WARNING** that Plaintiff's Complaint shall be **DISMISSED** *with prejudice* if Plaintiff fails to comply with this Order.

(4) Plaintiff's Motion for a more precise objection [DE 87] is **DENIED** *as moot* in light of this Order which advises Plaintiff of the deficiencies in his flings.

**DONE AND ORDERED** in Chambers, at Miami, FL this 5th day of September 2008.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*The Hon. Ted E. Bandstra*
*Counsel of Record*

*Almyr Guimaraes*
149 S Redland Road
Apartment 101
Florida City, FL 33034
US
305-242-6587
PRO SE