UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 07-20592-CIV   COOKE/BANDSTRA

ALMYR GUIMARAES,

   *Plaintiff*,

v.

NORS, et al.,

   *Defendants*.

_____/

### ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**THIS MATTER** is before the Court upon Defendant NORS' Motion for Summary Judgment [DE 168]. Both a Response and Reply have been filed, and the motion is ripe for adjudication.

**I. BACKGROUND**

Plaintiff, Almyr Guimaraes, filed his initial Complaint [DE 1] on March 6, 2007, alleging discrimination on the basis of age in the form of unlawful termination, segregation, and failure-to-promote, all in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §623 *et seq*. Eventually, the individually named Defendants were dismissed with prejudice. *See* DE 12, 37, 41. Defendant NORS filed a Motion for Summary Judgment [DE 47], which, upon the Court's adoption of the Report and Recommendation, was granted in favor of Defendant as to the termination claim, but denied with respect to the disparate treatment and failure to promote claims. *See* DE 51, 61. From mid-March 2008 through mid-October 2008 Plaintiff attempted several times to amend his Complaint, but each attempted amendment was stricken for failure to comply with the Federal Rules of Civil Procedure and/or Local Rules, even when all due leniency was given in light of Plaintiff's *pro se* status. *See* DE 62, 70, 74, 81,

83, 84, 92, 98, 100, 107, 108, 112.  The only claims remaining are Plaintiff's claims against the corporate Defendant, NORS, for disparate treatment and failure-to-promote.  Fact discovery closed on January 16, 2009, and Defendant filed the present motion for summary judgment on February 16, 2009.  Plaintiff's Response and accompanying documents were filed on March 10, 2009, and Defendant's Reply was filed March 26, 2009.  Plaintiff's motion to file a sur-reply [DE 190] was denied.  *See* DE 191.  Accordingly, the issues to be addressed are whether Plaintiff was discriminated against on the basis of age when he was allegedly segregated from other employees and when he was not promoted to a supervisory position.

## II. STANDARD OF REVIEW

The standard of review on a motion for summary judgment is well settled.  Summary judgment is proper when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue as to any material fact and compels judgment as a matter of law.  Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  Only the existence of a genuine issue of material fact, as opposed to a simple factual dispute, will preclude a grant of summary judgment.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  No genuine issue of material fact exists when the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex*, 477 U.S. at 322.  The moving party bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. . . [o]nly when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment."  *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991).  Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and

admissions on file,' designate 'specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324. Thus, the nonmoving party "'may not rest upon the mere allegations or denials of his pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson,* 477 U.S. at 248; *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1984) (stating "[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts").

### III.  ANALYSIS

**Disparate Treatment Claim (Segregation)**

The Eleventh Circuit has applied the basic *McDonnell Douglas* framework to age discrimination claims under the ADEA. *See Goldstein v. Manhattan Industries, Inc.,* 758 F.2d 1435, 1442 (11th Cir. 1985)*, cert. denied,* 474 U.S. 1005 (1985) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)). There are three stages of proof inherent in the type of discrimination case presented. First, the plaintiff has the burden of establishing, by a preponderance of the evidence, a prima facie case of discrimination. *Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248, 253 (1981). If Plaintiff is successful, the second stage is a shifting of the burden to defendant "to articulate some legitimate, nondiscriminatory reason for the employee's rejection." *Burdine,* 450 U.S. at 253 (quoting *McDonnell Douglas,* 411 U.S.at 802). Lastly, if defendant has put forth such a reason, plaintiff is afforded the opportunity to show that defendant's proffered reason or reasons were merely a pretext for discrimination. *Burdine*, 450 U.S. at 253.

To establish a prima facie case of disparate treatment a plaintiff must show that: (1) he was a member of a protected class; (2) that he suffered an adverse employment action; (3) that such an action was in contrast to similarly situated non-class employees; and (4) that there was a

causal connection between the adverse employment action and plaintiff's membership in the protected class. *See Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1087 (11th Cir. 2004) ("A plaintiff establishes a prima facie case of disparate treatment by showing that she was a qualified member of a protected class and was subjected to an adverse employment action in contrast with similarly situated employees outside the protected class."); *Alford v. Florida*, 390 F. Supp. 2d 1236, 1247 (S.D. Fla. 2005) ("Generally, a prima facie case of disparate treatment is established where the complainant shows: (1) that she belongs to a protected class; (2) that she suffered an adverse employment action; (3) that she and a similarly situated non-protected person were dissimilarly treated; and (4) that the employment action was causally related to the protected status.") (citations omitted). *See also Howell v. Levi Strauss & Co.,* 840 F.Supp. 132, 135 (M.D. Ga. 1994) ("In order to establish a prima facie case of disparate treatment under either the ADEA or Title VII, a plaintiff must meet the four-part test set forth by the Supreme Court in *McDonnell Douglas Corp. v. Green*[.]").

Plaintiff has established that he was a member of a protected class. At the time of his termination (which is no longer at issue), Plaintiff was forty-two years-old, and the alleged segregation and failure-to-promote took place when Plaintiff was at least forty years-old. *See Goldstein,* 758 F.2d at 1442 ("The protections of the ADEA are limited to persons between the ages of 40 and 70. 29 U.S.C. § 631(a)."). This, however, is the only one of the four elements that Plaintiff is able to establish.

"A tangible employment action constitutes significant change in employment status such as hiring, firing, failing to promote, reassignment with significantly different responsibilities or a decision causing a significant change in benefits." *Webb-Edwards v. Orange County Sheriff's Office,* 525 F.3d 1013, 1031 (11th Cir. 2008) (quoting *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761 (1998)). Although there is no set definition of a "significant change," "materially

adverse change" or "adverse employment action," "not all conduct by an employer negatively affecting an employee constitutes adverse employment action." *Davis v. Town of Lake Park, Fla.*, 245 F.3d 1232, 1238 (11th Cir. 2001). Furthermore, the employment action must be objectively materially adverse, not merely adverse in the employee's view. *Id*. at 1239. Here, Defendant's relocation of Plaintiff to a different seat[1], away from other employees, is not the type of tangible employment action that rises to the level of objective material adversity. Plaintiff was still in the same room as his fellow employees; he still had the same responsibilities and duties that he had prior to being relocated; and there was no change in Plaintiff's economic benefits caused by the relocation. Although Plaintiff may have felt slighted in some manner, or unhappy with Defendant's decision, that is insufficient to transform a *de minimis* action into an actionable materially adverse change. *See Doe v. Dekalb County School Dist.*, 145 F.3d 1441,1453 (11th Cir. 1998) ("Any adversity must be material; it is not enough that a transfer imposes some *de minimis* inconvenience or alteration of responsibilities."); *Davis*, 245 F.3d at 1240 (noting that Congress did not intend for Title VII to apply where the alleged injury was to an employee's prestige and self-esteem, without any economic injury); *Smart v. Ball State Univ.,* 89 F.3d 437, 441 (7th Cir. 1996) ("[N]ot everything that makes an employee unhappy is an actionable adverse action. Otherwise, minor and even trivial employment actions that 'an irritable, chip-on-the-shoulder employee did not like would form the basis of a discrimination suit.'") (citation omitted).

    Additionally, in none of Plaintiff's pleadings or other filings has the Court found where Plaintiff has identified a single comparator (that is, a similarly situated non-class employee). Accordingly, Plaintiff cannot satisfy the third element of a prima facie case of disparate

---

[1]Plaintiff's Motion to Incorporate Additional Exhibits [DE 179] is **GRANTED.** The Court has, as necessary, considered the exhibits attached to the Motion.

treatment.

Plaintiff also is unable to satisfy the fourth element--a causal connection between his relocation away from other employees and his being above age forty.  Plaintiff puts forth no factually supported argument that his relocation was in any manner related to his age.  He states that he was not well-informed about the reasons for the relocation, and he states that under the ADEA he suffered harm from the relocation, but he utterly fails to advance any connection between his age and his being moved to a different seat.  Moreover, he fails to controvert the paragraphs in Defendant's Statement of Undisputed Facts wherein Defendant states, with supporting affidavits, that Plaintiff was moved to a different seat because of numerous complaints from female employees, that even after the relocation Plaintiff was still able to communicate with other employees in the room, and that Plaintiff was never excluded from employee briefings.

Plaintiff has failed to establish a prima facie case of disparate treatment based on age.  Even if Plaintiff had established a prima facie case, however, Defendant has articulated a legitimate, nondiscriminatory reason why Plaintiff was relocated.  *See Burdine,* 450 U.S. at 253 (quoting *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)).  Defendant has met its burden to "produce admissible evidence which would allow a trier of fact rationally to conclude that the employment decision had not been motivated by discriminatory animus." *Burdine*, 450 U.S. at 257.  NORS proffered, as its legitimate, nondiscriminatory basis for relocating Plaintiff, that in response to several female employees' complaints about Plaintiff, Plaintiff was relocated to a seat not near certain female and other employees.  This reason is supported by affidavits and uncontroverted facts.  In his Response, Plaintiff questions, literally, the basis and circumstances surrounding the complaints made by female employees, but he in no way controverts the sworn

affidavits that such complaints were made and were the basis for relocating him.² While Defendant has met its burden to articulate a legitimate, nondiscriminatory reason for Plaintiff's relocation, Plaintiff has not met his burden of showing that the articulated reason is merely pretext for discrimination.

> [T]o avoid summary judgment [Plaintiff] must introduce significantly probative evidence showing that the asserted reason is merely a pretext for discrimination. The burden of proving pretext merges with the plaintiff's ultimate burden of proving that [age] was a determining factor in his [relocation], and it can be met by showing that a discriminatory reason more likely than not motivated the employer's decision, or by discrediting the employer's proffered explanation.

*Clark v. Coats & Clark, Inc,.* 990 F.2d 1217, 1228 (11th Cir. 1993). No evidence, let alone significantly probative evidence, has been put forth by Plaintiff to prove pretext. Further, Plaintiff has not shown that discrimination more likely that not motivated the relocation, nor has he discredited Defendant's reason for the relocation.

---

²Exemplifying much of Plaintiff's Response [DE 176], below is paragraph 16 of Plaintiff's Response to Defendant's Motion for Summary Judgment.

> **P.10** Mr. Clapp uses the phrase "the refusal of many of the women to work with Plaintiff". Who were they? On what dates did they complain? To whom? What was done about it? Where is the documentation to support that statement today? Any "refusal" of the female employees to interact with Plaintiff was caused by the perception that if Plaintiff was segregated, it must be for a good reason. Reference exhibits 83 and 84.

Exhibits 83 and 84, attached to Plaintiff's Response, are pictures entirely unconnected to Plaintiff or Defendant. Exhibit 83 portrays a child in a "dunce" cap, apparently standing removed from a family meal. Similarly, exhibit 84 portrays another child in a "dunce" cap standing alone in the corner of an empty classroom. The Court recognizes Plaintiff's attempted photographic symbolism, but finds it unpersuasive. And, although the Court understands that Plaintiff would have liked to have seen more documentary evidence of the complaints, his questions alone do not controvert Defendant's statement of facts or the affidavits, and he has presented no evidence to indicate that the statements are actually false. Moreover, Plaintiff does not argue that complaints were not made, nor does he present evidence (such as an affidavit or deposition of a former co-worker) to counter the basis for the complaints.

**Failure-to-promote**

Plaintiff's failure-to-promote claim also fails, in that Plaintiff cannot establish a prima facie case. A prima facie case of failure-to-promote requires Plaintiff to show that: "(i) [he] belonged to a protected class; (ii) [he] was qualified for and applied for a position; (iii) despite qualifications, [he] was rejected; and (iv) the position was filled with an individual outside the protected class." *See Springer v. Convergys Customer Mgmt. Group, Inc.,* 509 F.3d 1344, 1348 n.2 (11th Cir. 2007); *Burdine*, 450 U.S. at 253 ("The plaintiff must prove by a preponderance of the evidence that she applied for an available position for which she was qualified, but was rejected under circumstances which give rise to an inference of unlawful discrimination.")

I turn first to Plaintiff's application for a "host" position. Defendant states that the position of "host" was a non-supervisory position which paid the same as Plaintiff's position as a telephone interviewer. Plaintiff has not controverted this fact. There is no indication that to transfer from telephone interviewer to "host" required any additional training or created any change in economic benefits. Moreover, it is uncontroverted that a "host" was not a supervisor and had no authority over other employees. As such, denial of Plaintiff's application to be a "host" cannot be considered failure-to-promote. *Cf. Doe v. Dekalb County School Dist.*, 145 F.3d 1441 (11th Cir. 1998) (citing with approval several circuit court holdings that lateral transfers which were objectively equivalent and did not involve demotion in form or substance were not adverse actions).

As to Plaintiff's application to become a supervisor, it is undisputed that Plaintiff made it known that he was interested in becoming a supervisor. The Court assumes without deciding that Plaintiff informing Defendant of his desire for promotion constituted an application for purposes of evaluating a prima facie case. This, however, does not help Plaintiff.

The Supreme Court has made clear that a plaintiff alleging failure-to-promote must

"demonstrate at least that his rejection did not result from the two most common legitimate reasons on which an employer might rely to reject a job applicant: an absolute or relative lack of qualifications or the *absence of a vacancy in the job sought*." *Int'l Broth. of Teamsters v. United States*, 431 U.S. 324, 358 n. 44 (1977) (emphasis added). *See also Yarber-Butler v. Billington,* 53 Fed.Appx. 120, 2002 WL 31818240, *1 (D.C. Cir. December 13, 2002) ("Failure to promote is generally an adverse action but not if there is no open position.") (internal citation omitted). Here, it is uncontroverted that there were no openings for, or employees promoted to, a position of supervisor during the time period when Plaintiff sought a promotion. Moreover, it is uncontroverted that no supervisory position was filled until more than six months after Plaintiff's termination. *See* DE 194. This alone forecloses Plaintiff's failure-to-promote claim. Even if it did not, Plaintiff has not met his burden to show that he was qualified for the position of supervisor or that the position he sought was filled by an individual outside the protected class.

### IV. CONCLUSION

For all of the above reasons, Defendant's Motion for Summary Judgment [DE 168] is **GRANTED**. All pending motions, if any, are **DENIED** *as moot.* The Clerk is instructed to **CLOSE** this Case.

**DONE** and **ORDERED** in chambers, Miami, Florida, this 22nd day of April 2009.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*The Hon. Ted E. Bandstra*
*Counsel of Record*